UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-CR-0151-CVE |
| ) | |
| ISRAEL GAYTAN-CALDERON, ) | |
| a/k/a "Ismael Gonzalez," ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter comes on for consideration of defendant's pro se Motion to Dismiss Indictment. [sic] Fed. Rules Crim. Proc. Rule 12(b)(2, 4) 18 U.S.C.A. and Because a New Prosecution Violating the Double Jeopardy Clause and Law (Dkt. # 4). The grand jury has returned an indictment charging defendant with possession of a firearm by a person illegally in the United States and reentry of the United States after prior deportation. Dkt. # 2. However, defendant has not made his initial appearance in this Court. It appears that defendant in the custody of the State of Oklahoma, and he states that he learned of this case when a federal detainer was lodged against him. Dkt. # 4, at 1. Defendant asks the Court to dismiss the indictment before he appears for arraignment on the federal charges.

Consistent with Supreme Court and Tenth Circuit precedent, the Court will construe defendant's pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). Defendant's motion is vague and it is difficult to discern any coherent legal arguments, but defendant may be asking the Court to dismiss the indictment on speedy trial and double jeopardy grounds. Defendant argues that he was previously

deported and Immigration and Customs Enforcement found that he had not committed the crimes alleged in the indictment. Dkt. # 4. Defendant provides no evidence to support his statement but, even if the Court assumes that defendant was deported for the same crimes alleged in the indictment, this does not give rise to a double jeopardy claim. Deportation proceedings are inherently civil in nature, and the Double Jeopardy Clause of the Fifth Amendment protects only against multiple criminal proceedings for the same offense. De La Teja v. United States, 321 F.3d 1357, 1364 (11th Cir. 2003); United States v. Yacoubian, 24 F.3d 1, 10 (9th Cir. 1994). Defendant also claims that a federal detainer has been lodged and he has not been brought to trial on federal charges, and that his rights under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., have been violated. Dkt. # 4, at 3-4. The Speedy Trial Act does require the United States to notify a defendant of federal charges if the defendant is currently incarcerated in another jurisdiction. 18 U.S.C. § 3161(j). However, it appears that defendant has received notice of the charges against him and, even if he had not, a violation of § 3161(j) does not require dismissal of the indictment under the Speedy Trial Act. United States v. Jackson, 473 F.3d 660, 664 (6th Cir. 2007); United States v. Dawn, 900 F.2d 1132, 1135 (7th Cir. 1990); United States v. Valentine, 783 F.2d 1413, 1416 (9th Cir. 1986). Finally, the Court notes that defendant's argument that prosecuting him for the charges alleged in the indictment will "only cause more pain to the tax [payer] in a weak economy" is not a reason to dismiss the indictment. Dkt. # 4, at 4.

**IT IS THEREFORE ORDERED** that defendant's pro se Motion to Dismiss Indictment. [sic] Fed. Rules Crim. Proc. Rule 12(b)(2, 4) 18 U.S.C.A. and Because a New Prosecution Violating the Double Jeopardy Clause and Law (Dkt. # 4) is **denied**.

**DATED** this 9th day of January, 2012.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT